**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ADAMSON INDUSTRIES, INC. § | |
| Plaintiff, § | |
| § | CIVIL ACTION |
| v. § | NO._____ |
| § | |
| FAPS, INC., § | |
| Defendant. § | |

## COMPLAINT

1. The Plaintiff, Adamson Industries, Inc. (hereinafter, "Adamson"), is a Massachusetts corporation with a principal place of business at 45 Research Drive, Haverhill, Massachusetts 01832.

2. The Defendant, FAPS, Inc. (hereinafter, "FAPS"), is a New Jersey corporation with a principal place of business at 371 Craneway Street, Port Newark, New Jersey 07114.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 since the amount in controversy exceeds $75,000.00 and the parties hereto are citizens of different states.

## FACTS

4. On or about February 1, 2011, Adamson agreed to purchase a 1980 Hooper Rolls Royce, serial number CRX5064 (hereinafter, the "Vehicle") from a private dealer located in Germany, using RM Auctions, Inc. (hereinafter, "RM Auctions") as an intermediary to negotiate the purchase price and handle the transportation logistics.

5. Adamson and RM Auctions agreed that RM Auctions would arrange for the Vehicle to be shipped in a container to Port Newark, New Jersey, and cleared through United States Customs.

6. Adamson and FAPS agreed that after the Vehicle cleared U.S. Customs, FAPS would pick up the Vehicle and store the Vehicle at its place of business until such time that the parties could coordinate the delivery of the Vehicle to Haverhill, Massachusetts.

7. While being transported to the United States, the Vehicle sustained body damage as shown on the repair estimate dated May 12, 2011, a copy of which is attached hereto as Exhibit A.

8. The Defendant, FAPS, agreed to repair the body damage to the Vehicle and perform the additional refinishing work indicated on the repair estimate dated May 12, 2011.

9. RM Auctions made payment in the amount of Twenty Three Thousand Nine Hundred Seventy Five Dollars ($23,975.00) to FAPS for repairs to the Vehicle on or about July 14, 2011.

10. In or about October of 2012, while the Vehicle was being stored at FAPS' place of business in Port Newark, New Jersey to undergo repairs, the Vehicle sustained additional damages in the amount of One Hundred Seventeen Thousand Four Hundred Eighty Nine Dollars and Thirty Six Cents ($117,489.36).  A copy of the repair estimate dated January 7, 2014 is attached hereto as Exhibit B.

11. Despite demand by the Plaintiff, the Defendant has failed, refused, or neglected to make payment to the Plaintiff for the damages sustained to Plaintiff's Vehicle.

## COUNT I:
## NEGLIGENCE

12. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11.

13. FAPS had a duty to use reasonable and appropriate care and skill in storing the Vehicle.

14. FAPS breached its duty to use reasonable and appropriate care in the storing of the Vehicle by failing to store the Vehicle in a safe location, where it would be protected from the elements.

15. FAPS breached its duty to use reasonable and appropriate care in the storing of the Vehicle by failing to take proactive measures to ensure the safe storage of the Vehicle after having knowledge that severe weather was predicted to impact the region where the Vehicle was being stored.

16. As a result of FAPS' failure to safely store the Vehicle in a safe location, Adamson suffered damages to the Vehicle in the amount of One Hundred Seventeen Thousand Four Hundred Eighty Nine Dollars and Thirty Six Cents ($117,489.36).

## COUNT II:
## BREACH OF CONTRACT - THIRD PARTY BENEFICIARY

17. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14.

18. RM Auctions and FAPS entered into a contract for the repair of Adamson's vehicle, whereby RM Auctions paid made payment to FAPS, and FAPS agreed to perform certain repairs identified on the May 12, 2011 work order.

19. RM Auctions full performed its obligations under the contract by tendering payment in the amount of Twenty Three Thousand Nine Hundred Seventy Five Dollars ($23,975.00) to the Defendant on July 14, 2011.

20. Adamson was an intended third party beneficiary of the contract between RM Auctions and FAPS, because Adamson is the owner of the Vehicle being repaired, and RM Auctions contracted for said repairs to satisfy obligations it owed to Adamson under a prior contract for delivery of the Vehicle.

21. FAPS was aware that Adamson was the intended beneficiary of the contract for repair between FAPS and RM Auctions.

22. By failing to use reasonable care in maintaining and storing the Vehicle, FAPS breached its contract with RM Auctions.

23. Adamson is entitled to damages as a third party beneficiary Adamson suffered damages as a result of FAPS' breach of the contract with RM Auctions.

24. As a direct and proximate result of the actions of FAPS, Adamson has suffered damages in the amount of One Hundred Seventeen Thousand Four Hundred Eighty Nine Dollars and Thirty Six Cents ($117,489.36).

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Award damages in an amount to be proven at trial;

B. Award Plaintiff the costs incurred in filing this suit;

C. Award the Plaintiff its reasonable attorneys fees; and

D. Grant such additional relief as this Court deems just and proper.

**Respectfully submitted,**
Adamson Industries, Inc.
By its attorneys,


/s/ Kyle J. Scandore,
Kyle J. Scandore, Esq. (BBO # 674836)
Peter G. Shaheen, Esq. (BBO # 453010)
Shaheen Guerrera & O'Leary, LLC
820A Turnpike Street
North Andover, MA 01845
978-689-0800
KScandore@sgolawoffice.com